## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD A. GRECO<br>GBX Group<br>2101 Superior Avenue, Suite 300<br>Cleveland, Ohio 44114<br><br>      Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE<br>1111 Constitution Avenue, N.W.<br>Washington, D.C. 20224,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Case No. _____ |

## **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1.  Plaintiff, Richard A. Greco, brings this action against Defendant, the Internal Revenue Service ("Defendant" or "IRS"), to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq*.

### JURISDICTION AND VENUE

2.  This Court has jurisdiction over this case pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 702.

3.  Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

4. Plaintiff is an attorney, the representative under power of attorney for GBX Group, and admitted to practice in Ohio (Bar No. 0017177). His office is located at 2101 Superior Avenue, Suite 300, Cleveland, Ohio 44114.

5. Defendant is an executive agency of the United States government and is headquartered at 1111 Constitution Avenue, N.W., Washington, D.C. 20224. Defendant is an agency within the meaning of 5 U.S.C. § 552(f)(1) and is subject to the requirements of the FOIA. Defendant has possession and control over the records that Plaintiff seeks under the FOIA.

6. Because Defendant is an agency of the United States of America, copies of the summons and complaint must also be mailed to the United States of America: c/o The Honorable William P. Barr, Attorney General of the United States of America, U.S. Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530; and United States Attorney for the District of Columbia, 555 Fourth Street, N.W., Washington, D.C. 20530.

**STATUTORY FRAMEWORK**

7. The FOIA requires federal government agencies to release requested agency records to the public unless one or more specific statutory exemptions apply. 5 U.S.C. § 552(a)(3)(A).

8. Records are agency records subject to the FOIA if the agency created or obtained them and the agency controlled them at the time the FOIA request is made. U.S. Dep't of Justice v. Tax Analysts, 492 U.S. 136, 144-45 (1989).

9. An agency has twenty (20) working days after receipt of a FOIA request in which to determine whether to comply with the request. The agency must then immediately notify the

Case 1:20-cv-01595   Document 1   Filed 06/17/20   Page 3 of 8

requester of its determination and reasons therefor and of the right of the requester to appeal an adverse determination to the agency's head.  5 U.S.C. § 552(a)(6)(A)(i).

10. In "unusual circumstances," the twenty (20) working day time limit "may be extended by [a] written notice" that sets forth the date a determination is expected to be sent. 5 U.S.C. § 552(a)(6)(B)(i).  Generally, such notice may not provide for an extension of more than ten (10) working days.  Id.

11. The agency must notify the requester if the request cannot be processed within such extended period of time and must provide the requester (i) the opportunity to limit the scope of the request so it can be processed within such time or (ii) the opportunity "to arrange with the agency an alternate time frame for processing the request or a modified request."  5 U.S.C. § 552(a)(6)(B)(ii).

12. If the agency fails to comply with the time limit provisions, the requester "shall be deemed to have exhausted his administrative remedies."  5 U.S.C. § 552(a)(6)(C)(i).

13. If the agency can show "exceptional circumstances" and "that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records."  5 U.S.C. § 552(a)(6)(C)(i).  A refusal to modify the request or arrange an alternate time frame is a consideration in determining whether "exceptional circumstances" exist.  5 U.S.C. § 552(a)(6)(B)(ii).

14. This Court has jurisdiction upon receipt of a complaint "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B).

**PLAINTIFF'S FOIA REQUESTS**

15. Plaintiff is seeking the production of documents and records under eight (8) properly made FOIA requests dated June 7, 2019 ("FOIA Requests", attached as Exhibits A.1, B.1, C.1, D.1, E.1, F.1, G.1, and H.1) to the Declaration of Richard A. Greco, dated June 17, 2020 ("Greco Declaration"), attached hereto as Attachment A), each relating to different taxpayers.

16. In the FOIA Requests, Plaintiff specifically requested:

    1. The Examination Division Administrative File (the "Administrative File") for the Examinations. The requested file includes any worksheets, work papers, notes, emails, documents, memoranda, letters, computations and other materials prepared or accumulated relative to the Audit by employees of the IRS and any other governmental agency. This request also includes internal documents, memoranda, memoranda of all interviews of persons regarding the charitable contributions by the Taxpayer, copies of all statements (sworn or otherwise) given by individuals in connection with the Audit, including, without limitation, notes, emails documents, memoranda, and internal documents relating to the Case Activity record, written reports and recommendations concerning the proposed adjustment of partnership items and penalties, and any other information that is related to the determinations by the IRS as set forth in the Revenue Agent Audit Report.

    2. Any documents (electronic or otherwise) relative to the Examination that may have been prepared by specialist agents, engineers, or valuation specialists, and materials created as specialty case files, desk files, or as group files, which are not otherwise included in the Administrative File. This request includes any emails, work papers, notes, documents, memoranda, transmittal letters, reports, documents describing or recording interviews, or other materials prepared or accumulated relevant to the Examinations.

    3. Any documents (electronic or otherwise) relative to the Examination that may have been prepared by persons not employed by the Internal Revenue Service, including consultants, appraisers, economists, engineers, and any other specialists retained for this case and which are not otherwise included in the Administrative File. This request includes any emails, work papers, notes documents, memoranda, transmittal letters, reports, documents describing or recording interviews, or other materials prepared or accumulated relevant to the Examination.

    4. Any documents (electronic or otherwise) relative to the Examination that include information and documents obtained pursuant to informal requests or summonses issued to third parties (including a list of all third party contacts made

4

in the course of the examination) that are not otherwise included in the Administrative File.

     5.     Any documents (electronic or otherwise) relative to the Examination that are representative of requests to extend the statute of limitations by the Internal Revenue Service. This request includes any emails, work papers, notes documents, memoranda, transmittal letters, reports, documents describing or recording interviews, or other materials prepared or accumulated relevant to the Examination.

     6.     Any documents (electronic or otherwise) relative to the Examination that demonstrate contacts of third parties by IRS officers, employees, or other agents that have already occurred or are scheduled to occur during the pendency of this audit. This request includes any notes made by IRS officers, employees, or other agents during, or as a result of, such third party interviews, including, without limitation, interviews with [various tax-exempt public charities]. This request encompasses the Administrative File and any files maintained by IRS consultants, appraisers, economists, engineers, and any other specialists retained for this case, which are not otherwise included in the Administrative File.

17. IRS Disclosure Manager Leon Wells sent responses, dated July 2, 2019, to the FOIA Requests ("Initial IRS Responses", attached to the Greco Declaration as Exhibits A.2, B.2, C.2, D.2, E.2, F.2, and H.2), stating that the IRS received the FOIA Requests on June 7, 2019, or June 10, 2019.

18. Each of the Initial IRS Responses requested an additional ten (10) business days to respond to each of the FOIA Requests. Id. Each of the Initial IRS Responses also requested varying amounts of additional time—beyond the ten days—to respond. Id.

19. On several subsequent occasions, IRS Senior Disclosure Specialist Fate Merriam sent follow-up responses to Plaintiff, which generally acknowledged the earlier requests for additional time in the Initial IRS Responses, explained that the IRS was still working on the FOIA Requests and needed additional time to review the documents, and stated that the IRS would contact Plaintiff if it was unable to complete the request by a specified date. Id. These responses were dated September 10, 2019 (attached to the Greco Declaration as Exhibits A.3, B.3, C.3, D.3, E.3, F.3, G.2, and H.3), November 21, 2019 (attached to the Greco Declaration as Exhibits A.4,

B.4, C.4, D.4, E.4, F.4, G.3, and H.4), January 28, 2020 (attached to the Greco Declaration as Exhibits A.5, B.5, C.5, D.5, E.5, F.5, G.4, and H.5), and May 26, 2020 (attached to the Greco Declaration as Exhibits A.6, B.6, C.6, D.6, E.6, F.6, G.5, and H.6).  Pursuant to the most recent responses dated May 26, 2020, Ms. Merriam explained that she will contact Plaintiff by August 28, 2020 if she is unable complete the FOIA Requests.

20. Defendant has requested substantial additional time to respond to the FOIA Requests, but has not denied access to the requested items.

21. Plaintiff did not agree to Defendant's repeated requests for additional time.

22. As of the date of this Complaint, Defendant has not disclosed any of the documents and records requested by the FOIA Requests.

23. Because Defendant failed to comply with the FOIA time limit provisions to provide documents and records to Plaintiff in response to the FOIA Requests, Plaintiff has exhausted his administrative remedies in accordance with 5 U.S.C. § 552(a)(6)(C)(i).

24. Plaintiff is entitled to reasonable attorneys' fees and costs of maintaining this action pursuant to 5 U.S.C. § 552(a)(4)(E).

## CAUSE OF ACTION
### (Production Under the FOIA)

25. Plaintiff reasserts and incorporates by reference paragraphs 1-24.

26. Plaintiff properly requested records within Defendant's control and possession in accordance with the FOIA.

27. Plaintiff is entitled under the FOIA to access the requested records.

28. Defendant has failed to comply with statutory deadlines imposed by the FOIA.

29. Defendant wrongfully withheld the requested records in violation of the FOIA.

30. Plaintiff has exhausted his administrative remedies with regard to the records Defendant has failed to produce.

## CAUSE OF ACTION
### (APA Violation)

31. Plaintiff reasserts and incorporates by reference paragraphs 1-24.

32. Plaintiff properly requested records within Defendant's control and possession in accordance with the FOIA.

33. Plaintiff is entitled under the FOIA to access the requested records.

34. Defendant's failure to respond timely to Plaintiff's FOIA request constitutes agency action unlawfully withheld and unreasonably delayed, in violation of the APA. Defendant's failure to timely respond is arbitrary, capricious, an abuse of discretion, not in accordance with law and without observance of procedure required by law, all in violation of the APA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

a. declare that Defendant's failure to disclose the records requested by Plaintiff is unlawful;

b. enjoin Defendant from withholding and order Defendant to disclose the requested records to Plaintiff, in accordance with 5 U.S.C. § 552(a)(4)(B);

c. award Plaintiff his costs and reasonable attorneys' fees, in accordance with 5 U.S.C. § 552(a)(4)(E); and

d. grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

<u>/s/ George M. Clarke III</u>
George M. Clarke III
(D.C. Bar No. 480073)
Baker & McKenzie LLP
815 Connecticut Avenue, N.W.
Washington, D.C. 20006-4078
Phone: (202) 835-6184
Fax: (202) 416-7184


Dated:  June 17, 2020